IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CALVIN R. WALKER and JOYCE FORMBY, H/W** | : | Civil No. 1:17-cv-02142 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MONOCACY VALLEY ELECTRIC, INC.** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

In this federal diversity action, Plaintiffs Calvin Walker ("Plaintiff Walker") and Joyce Formby ("Plaintiff Formby," collectively "Plaintiffs") have brought claims for wrongful termination and punitive damages against Defendant Monocacy Valley Electric, Inc. ("Defendant") for terminating Plaintiff Walker's employment after he expressed an intention to file for workers' compensation benefits. Presently before the court is Defendant's motion to dismiss Plaintiff Formby's claim for lack of standing and failure to state a claim, and to dismiss Plaintiffs' claim for punitive damages as an unavailable form of relief. For the reasons set forth below, Defendant's motion will be granted in part and denied in part.

## I.   Background

The following facts are taken from Plaintiffs' complaint and accepted as true for purposes of deciding the instant motion to dismiss. From April 1, 2013 to

December 5, 2015, Defendant employed Plaintiff Walker as a master electrician and project superintendent. (Doc. 1, ¶¶ 5-6.) On November 23, 2015, Plaintiff Walker fell from a ladder at a project site in Alexandria, Virginia, injuring himself and leaving him unable to return to work. (*Id.* at ¶ 7-8.) Less than two weeks later, on December 4, 2015, three of Defendant's principals questioned Plaintiff Walker regarding his on-the-job injury and indicated that, if he intended to file for workers' compensation, he "had to go." (*Id.* at ¶¶ 9-10.) The following day, Plaintiff Walker was effectively discharged from his employment. (*Id.* at ¶ 11.)

In 2013, a similar incident also occurred when Plaintiff Walker was injured on a worksite just three days into his employment with Defendant. (*Id.* at ¶¶ 12-13.) Again, a principal directed Plaintiff not to file for workers' compensation and instead laid him off while he recovered. (*Id.* at ¶¶ 13-14.) Plaintiff Walker is aware of other such incidents where employees of Defendant were laid off or discharged shortly after suffering workplace injuries. (*Id.* at ¶¶ 14-16.)

Plaintiff Walker alleges that, as a result of his retaliatory, wrongful discharge, he suffered, and continues to suffer, monetary and emotional damages. His claims include a joint claim with Plaintiff Formby that "Plaintiffs were forced to liquidate retirement savings, [and] suffered penalties and tax payments triggered by the liquidation of Plaintiff Walker's 401(k) plan and Plaintiff Formby's 401(k) plan." (*Id.* at ¶ 27.) Plaintiff Walker also seeks damages for wrongful discharge

and punitive damages for Defendant's historical practices in this area. (*Id.* at ¶ 31.) Plaintiff Formby seeks damages for the monies she expended during the time Plaintiff Walker was unable to work, specifically: the funds withdrawn from her 401(k), the taxes and penalties associated with this withdrawal, and the "future tax-sheltered earnings from interest that otherwise would have been realized." (*Id.* at ¶ 27.)

## II. Standard of Review

When drafting a complaint, a plaintiff is charged with setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). For pleadings to meet this standard, they must go beyond "labels and conclusions" or "formulaic recitation of the elements of a cause of action" to show that the pleader is entitled to relief. *Id.* In determining the sufficiency of a complaint, the Third Circuit has outlined a three step approach:

> First, it must "take note of the elements [the] plaintiff must plead to state a claim." Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

3

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations omitted).

A defendant may challenge a complaint on these grounds by motioning for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When deciding whether to dismiss a complaint under Rule 12(b)(6), the court, under a reasonable reading of the complaint, must accept every factual allegation in the complaint as true, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), as well as draw reasonable inferences that can be made from those factual allegations. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007). A complaint that avers enough facts to "raise a right to relief above the speculative level," making a plaintiff's claim "plausible on its face," will survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

A defendant may attack a plaintiff's complaint for want of standing under Rule 12(b)(1). There are two categories of challenges made under this rule: facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). The significance of this distinction centers on how the court is to treat the factual allegations of the nonmoving party. Where, as is here, the challenge to subject matter jurisdiction does not dispute the facts alleged in the complaint, the court is required to "consider the allegations of the complaint as true." *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

## III. Discussion

Defendant argues that Plaintiff Formby's wrongful discharge claims should be dismissed for failure to state a claim and for lack of standing, and that Plaintiffs' claim for punitive damages is unavailable under the facts averred. In response, Plaintiff Formby argues that her injuries are derivative of her husband's discharge and thus are compensable. Plaintiffs also argue that the absence of case law showing an award of punitive damages pursuant to a common law cause of action for wrongful discharge does not automatically preclude the award of punitive damages if the required elements are proven at trial.

### A. Wrongful Discharge Claim

Defendant argues that Plaintiff Formby fails to allege a *prima facie* claim for wrongful discharge because she was never actually employed by Defendant. (Doc. 6, p. 6 of 13.) Plaintiffs and Defendant both cite an unpublished Third Circuit Court of Appeals opinion where the court predicted what the Supreme Court of Pennsylvania would consider to be the *prima facie* elements of a wrongful discharge claim. (Doc. 1, ¶ 25; Doc. 6, p. 6 of 13.) The elements the Third Circuit identified are as follows: (1) the employee engaged in a protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. *Deily v. Waste Mgt. of*

*Allentown*, 55 Fed. Appx. 605, 607 (3d Cir. 2003) (unpublished). Therefore, at a minimum, Plaintiff Formby must allege that she meets the most essential threshold fact that runs through each element: that she was employed by Defendant. Plaintiff Formby has not made this assertion, nor could she. Because Plaintiff Formby alleges no facts[1] that would allow her to seek recovery against Defendant for wrongful discharge, her claim will be dismissed with prejudice.[2]

---

[1] Defendant did Plaintiff Formby an unnecessary favor by introducing a loss of consortium theory in its motion to dismiss (Doc. 6, p. 7 of 13), which Plaintiffs inartfully incorporated into their brief in opposition (Doc. 11, p. 8-10). However, under Pennsylvania law, such a cause of action can only be maintained if the loss of consortium stems from the spouse's physical or emotional injury off-the-job. Damages from on-the-job injuries, outside of the established narrow public policy exceptions, are the exclusive province of the Pennsylvania workers' compensation framework. *Dugan v. Bell Telephone*, 876 F. Supp. 713, 728 (W.D. Pa. 1994). Even giving Plaintiff Formby's allegations the widest latitude, the complaint does not give rise to a claim of loss of consortium.

[2] Plaintiffs continually conflate damages that may have arisen from issues dealing with the administration of Plaintiff Walker's workers' compensation claim and damages that may have arisen due to Defendant's alleged wrongful discharge of Plaintiff Walker. In Plaintiffs' complaint, they aver that "[w]hile Plaintiff Walker was unable to work and undergoing treatment, Plaintiffs were forced to liquidate retirement savings . . . of Plaintiff Walker's 401(k) plan and Plaintiff Formby's 401(k) plan," and in their brief in opposition to Defendant's motion, Plaintiffs state "[Plaintiff Formby] ought to be able to recover for [the expenditures], as it was solely caused by the Defendant's conduct in wrongfully terminating Plaintiff Walker and contesting his workers' compensation claim." (Doc. 1, ¶ 27; Doc. 11, p. 11.) Pennsylvania law draws a bright line at the time Plaintiff Walker was physically able to return to work. The law also establishes a line between damages attributable to the physical injuries suffered by Plaintiff Walker and damages attributable to the alleged wrongful discharge. Because she did not plead sufficient facts to demonstrate that her claims are derivative of Plaintiff Walker's termination, rather than his physical injury, Plaintiff Formby did not carry her burden in establishing her right to redress her grievances in this court. Accordingly, Defendant's motion to dismiss will be granted with respect to Plaintiff Formby's claims, and she is thereby dismissed from this action.

**B.  Punitive Damages**

Plaintiffs correctly argue that Pennsylvania recognizes punitive damages pursuant to certain causes of action in order to "deter and punish egregious behavior." *Marin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985). To be eligible to receive such damages, the complaining party must prove that "a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV Coal Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991); *see also Feld v. Merriam*, 485 A.2d 742 (Pa. 1984); Restatement (Second) of Torts § 908(2) (1979). Punitive damages may be awarded where the defendant's conduct evidences a "reckless indifference to the rights of others." *Taylor v. Albert Einstein Medical Center*, 723 A.2d 1027, 1037 (Pa. Super. 1998), *rev'd on other grounds*, 754 A.2d 650 (Pa. 2000). On the other side, Defendant asserts that, not only did Plaintiffs not support their contention of the availability of punitive damages, but that no Pennsylvania court has ever awarded punitive damages under *Shick. v. Shirey*, 716 A.2d 1231, 1238 (Pa. 1998).

In *Shick*, the Pennsylvania Supreme Court extended the common law cause of action of wrongful discharge to instances where an employer retaliates against an at-will employee for filing for workers' compensation benefits. *Id*. The court did so, not based upon a novel theory of liability between an employer and employee, but because the Pennsylvania state legislature had evinced a clear public

7

policy by enacting the state's workers' compensation scheme, and firing an employee for taking advantage of the scheme subverts that public policy. *Id*. at 602-604. The court analogized the establishment of public policy and the availability of the common law cause of action of wrongful discharge to other established public policies and employers' attempts to thwart them. *Id.* Not only did the court use these instances to bring retaliation for filing for worker's compensation benefits, under the umbrella of wrongful discharge, but other courts have allowed plaintiffs to seek punitive damages under similar cases of an employer's subversion of public policy. *See Woodson v. AMF Leisureland Centers, Inc.*, 842 F.2d 699 (3d Cir. 1988) (punitive damages sought in wrongful discharge for refusal to serve intoxicated patron);[3] *Difiore v. CSL Behring, U.S., LLC*, Civ. No. 13-05027, 2014 U.S. Dist. LEXIS 130179, at *10 (E.D. Pa. Sept. 17, 2014) (regarding the refusal to commit unethical or illegal activity, "Dismissal of punitive damages at this juncture is premature."); *Elbeshbeshy v. Franklin Institute*, 618 F. Supp. 170, 171 (E.D Pa. 1985) ("Although the parties cite no Pennsylvania cases on point, the court notes that courts generally allow recovery of punitive damages for wrongful discharge where the employer acted with malice.").

---

[3] After finding an absence of cases granting an award, the court stated, "[n]othing in the Pennsylvania cases suggests that the Pennsylvania Supreme Court would not join the numerous courts in other jurisdictions that have awarded punitive damages in wrongful discharge cases, once it has been established that wrongful discharge is a tort, rather than a breach of contract." *Id*. at 703.

8

Additionally, a few district courts in the Third Circuit have directly addressed the validity of punitive damages pursuant to a claim of wrongful discharge in retaliation for filing a workers' compensation claim, and they have all concluded that, at least at this stage in the proceedings, a bar to proving these damages is inappropriate. *Richetti v. Saks & Co.*, Civ. No. 11-0256, 2013 U.S. Dist. LEXIS 100549, at *24 (W.D. Pa. May 28, 2013) (summary judgment denied for punitive damages and back pay, "given that the applicability of this relief will depend on the facts adduced at trial"); *Cosme v. Durham*, Civ. No. 07-cv-3153, 2008 U.S. Dist. LEXIS 8570, at *18 (W.D. Pa. Feb. 6, 2008) ("Plaintiff has pled adequate facts which may *potentially* entitle him to recover [punitive] damage[s] under the wrongful discharge theory.").

The court finds that, at least at this stage in the proceedings, it would be inappropriate to bar Plaintiff Walker from seeking to prove his assertion that Defendant's conduct was so "intentional, willful, wanton or reckless" as to warrant an award of punitive damages. *See SHV Coal Inc.*, 587 A.2d at 704. Plaintiff Walker avers that, in addition to the means and manner used to discourage him from filing a workers' compensation claim, and his subsequent firing, he also experienced similar tactics used by his employer at the beginning of his employment with Defendant. (Doc. 1, ¶¶ 8-16.) Plaintiff Walker also alleges that other employees were treated similarly and were laid off or discharged in order for

9

Defendant to prevent employees from filing workers' compensation claims. (*Id.*) Plaintiff Walker has plausibly alleged that he, as a part of a larger pattern or practice of Defendant retaliating against employees, was treated in manner that may warrant an award of punitive damages, and there is a reasonable expectation that discovery may support these claims.[4]

## IV. Conclusion

For the reasons stated herein, the court will grant Defendant's motion to dismiss Plaintiff Formby's claims, removing her from the action, and deny Defendant's motion to dismiss Plaintiff Walker's claim for punitive damages.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: November 15, 2018

---

[4] Because this court dismisses Plaintiff Formby's wrongful termination claim, her claim for punitive damages naturally must also be dismissed.